The Honorable Jodie Mahony State Senator 106 West Main, Suite 406 El Dorado, AR 71730
Dear Senator Mahony:
This is in response to your request for an opinion regarding a proposed constitutional amendment to exempt certain food items from sales tax, gross receipts tax, gross products tax, or any other state tax, the popular name and ballot title of which proposed amendment was approved and certified by my office in Attorney General Opinion 97-017. Your question is "whether the amendment, if approved by the voters of Arkansas at the 1998 general election, would nullify the Arkansas Soft Drink Tax Act, currently codified at [A.C.A. §§ 26-57-901 through -909 (Supp. 1995)]."
For the reasons that follow, I must decline to issue an opinion on this matter at this time.
As you have stated, this office has certified the popular name and ballot title of this proposed amendment, pursuant to A.C.A. § 7-9-107. The approved popular name is: "An Amendment to Exempt Certain Food Items From Sales Tax." Op. Att'y Gen. 97-017 (issued February 4, 1997). The petitioners may now circulate the petitions, for subsequent submission to the Secretary of State for certification of the signatures. Assuming that this process is followed and the petitions are certified as sufficient, this initiated amendment will appear on the ballot to be voted on at the 1998 general election.
I do not believe that your question regarding the amendment's affect on the Soft Drink Tax Act can be answered at this time in the framework of or consistent with this office's mandate to issue official opinions. Although the Attorney General is vested with the power and duty to review and approve ballot titles and popular names in connection with such initiatives (see A.C.A. § 7-9-107 (Repl. 1993), there is no provision for the issuance of an Attorney General opinion prior to the enactment of an initiative. This office has heretofore declined to issue such opinions.See, e.g., Op. Att'y Gen. 94-193 (regarding two initiatives proposing constitutional amendments on the subject of gambling).
In addition, the judicial remedies of any party disagreeing with my opinion are precluded, because a court will not entertain a declaratory judgment action to interpret proposed measures prior to enactment. See
A.C.A. § 16-111-104 (1987). The absence of any forum for challenging the advisory opinion, coupled with the potential impact of such an opinion on the electorate, compels me to decline to opine on the matter. I must, instead, defer to the people's right to vote on the measure free from an opinion from this office that would be issued without statutory or constitutional authority, and that would in essence amount to an executive comment on a proposal initiated through the Amendment 7 "Initiative and Referendum" process. See ARK. CONST. AMEND. 7.
Sincerely,
WINSTON BRYANT Attorney General
WB/EAW:cyh